Abel Acosta, Clerk
Court of Criminal Appeals
P.O. Box 12308
Austin Texas 78711-2308

Oct , 2015

**1114-15**

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS
OCT 26 2015
Abel Acosta, Clerk

Re: Abelino Hernandez V. The state
Tr. Ct. nO. 14-04-27866-A ; COA Case nO. 13-14-00465-CR

Dear Clerk:

Please find enclosed Petitioners Petition for Discretionary review is being filed with your office. Please notify me of the filings. I have forward a copy of this petition with State Prosecuting Attorney of record.

Truly
/s/ Abel Hernandez 1954219
Petitioner Pro Se
Abelino Hernandez
nO. 1954219 Beto one
1391 fim, 3328
Tennessee Colony Texas
75880

CC
Lisa C McMinn
State Prosecuting Attorney

FILED IN
COURT OF CRIMINAL APPEALS
OCT 29 2015
Abel Acosta, Clerk

# Identity of Parties

ABELINO Hernandez, Petitioner Pro se
Beto one
1391 f.m. 3328
Tennessee Colony, Tedas 75880

Jack W. Marr, Judge Presiding
Courthouse, 115 N. Bridget St 3rd Fl
Victoria Tedas 77901

Christopher Janzak, represented At Trial
Attorney At Law
11 regency row, Drive,
San Antonio, Tedas 78248.

W. A. (Bill) White, representing on Appeal
Attorney At Law
P.O Box 7422
Victoria Tedas 77903

Edward Wilkinson ADA
Victoria Co, District Attorney's office
205 N. Bridge st, suite 301,
Victoria, Tedas 77901

States Brief filed by unknown Counsel.

i

# Table of Content

Identity of Parties     i

Table of Content     ii

Index of Authorities     iii

Statement regarding Oral Argument     iv

Statement of the case     iv

Statement of Procedural History     iv

Grounds for review     1

Argument     1.

Prayer for relief     4

Appendix     —

Certificate of service     4

# Index of Authorities

Erazo v. State, 144 SW3d 487, 489 (Tex Crim App, 2004) 3

Rogers v State, 991 SW2d 263, 266 (Tex Crim App. 1999) 3

## Statement of Oral Argument

Petitioner has waived oral argument

## Statement of the Case

Petitioner was indicted by the Victoria Co. Grand Jury on April 2014 for aggravated Robbery. On August 11, 2014, Jury selection began, with Trial on the merits beginning August 12, 2014. Petitioner Pled "not guilty". Petitioner's Jury Convicted him of Aggravated Robbery on August 13, 2014, and Punishment Trial before the bench then commenced Immediately. Petitioner Pled 'True' to two Felony enhancement Paragraphs alleged in the State's notice of intent. After testifying at Punishment Trial, and after admitting guilt for aggravated robbery, the Court Assessed Punishment and sentenced Petitioner to 30 Years in Prison, Plus Court Cost.

The State originally alleged aggravated robbery in its indictment under two Theories, by use of a deadly weapon and for victimizing an elderly individual. Before the Trial Court submitted its Charge to the Jury, the State abandoned its deadly weapon allegation, relying on the elderly status of the complaining witness to make the Offense aggravated.

## Statement of Procedural History

On March 3, 2015 Petitioner's brief was submitted. The Court of Appeals issued its opinion July 23nd, 2015 Affirming his Appeal. No motion for rehearing was ever filed. This Petition for Discretionary is timely.

iv

CRR Vol.5 P,123, Lines 4-6). The Prosecutor followed with, "so it's not just criminals, It's all of us that work for the state or, have background checks run will go into AFIS?" (CRR Vol.5, P.123, Lines 10-13), Jedlicka answered "Yes".

Defese counsel objected to these questions, CRR. Vol.5, P.123, Lines 17-25). The Trial court noted this objection, citing on the record mata V. State, 2007 WL 882439 sua sponte. This "Noting" of defense counsel's objection must have been, in effect, an overruling because the court allowed the state to continue its testimony. Interestingly, the state's testimony immediately established that none of the fingerprints located at the robbery's scene (a convenience store) matched Petitioners fingerprints in Afis. CRR Vol.5, PP 124-125),

All the Fingerprint testimony Truly achieved for the state was the fact that Petitioner's fingerprints were already in the AFIS database before trial, when the Robbery was initially investigated. It established that Petitioner was already a "criminal", and that he had previously been "booked into Any Jail Facility" before the charged offense. It was a clear hint, telegraphed plainly to Petitioners Jury, that he already had a criminal record or previous contacts (i.e., arrests) with law enforcement. In short, it was merely a "smear" of Petitioner, without real probative value.

The state may counter that, since testimony further explained that state employees and others who have undergone background checks are also in AFIS, there is no clear reference to Petitioner as a "criminal". Regardless, this testimony harmed and prejudiced Petitioner.

It is unlikely that any Jury would believe

In the Court of Criminal Appeals

No. _____

ABELINO Hernandez, Petitioner

V.

The State of Texas, Respondent

Petitioners Petition For Discretionary Review.

To the Honorable Judges of said Court:

Comes now Petitioner, ABELINO Hernandez, Pro se, bringing his Petition for Discretionary review, and presents:

## I
## Grounds For review

The Trial Court Erred By allowing the State to Present unnecessary and unfairly prejudicial fingerprint Testimony During the Guilt/innocence Phase

## II
## Argument in the case

During the Guilt/innocence Phase, the State presented testimony through officer Holly Jedlicka of the Victoria Police Department about finger-print evidence. (R.R. vol. 5, P. 122, Line 14 — P. 123. 13). officer Jedlicka mentioned AFIS. a DPS database named Automated Fingerprint information System. (R.R. vol. 5, P. 122 Line 24 through P. 123-B). Jedlicka stated in reference to AFIS, "Once you're booked into any jail facility your prints automatically go in there for comparison"

a defendant accused of robbing a convenience store with a knife is a former state employee, or that his background was once checked so he could coach his son's Little League team.

Unfair Prejudice ... refers to the undue tendency of evidence to suggest a decision on an improper basis. See Rogers v. state, 991 sw2d 263, 266 (Tex. Crim. App. 1999). When making this determination, we consider the following factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. Erazo v. state, 144 sw3d 487, 489 (Tex. Crim. App. 2004).

If the court apply Erazo, the probative value of fingerprints which fail to identify the petitioner or place him at the crime scene, or to even connect him with the crime in any other way, was zero to none, or prejudicial in nature. The potential of this evidence to impress appellant/petitioner's jury in an irrational, indelible way was tremendous. Prosecutors know that any implication that a defendant is already a "criminal" or repeat offender at trial carries undeniable weight with juries.

The time needed to develop this evidence appears, on the cold record, to have been relatively brief.

Most importantly, the proponent's need for introducing testimony about AFIS, and why fingerprints are in it, was also zero. If the state for any reason felt at trial that it was necessary to cover all bases and show that petitioner's fingerprints were absent from the knife used in this crime or from the crime scene itself, it could have asked any

Police witness with personal knowledge, "Were the defendant's finger prints found at the crime scene?", or, "Were they found on the knife?" With these simple questions, the State could have introduced its finger print evidence while still avoiding any potential for unfair prejudice against Petitioner.

## Prayer

Petitioner respectfully prays that this petition for discretionary review is granted on that the conviction is reversed and remanded for new trial or new punishment hearing.

Respectfully submitted

_Abelino Hernandez_ 1954219
Petitioner          Pro se

ABELINO Hernandez
No. 1954219. Beto One
1391 f,m 3328
Tennessee Colony, Texas
75880

## Certificate of service

I, ABELINO Hernandez # 1954219, certify that a true and correct copy of the foregoing has been served this 20 day of October 2015 address to:

Abel Acosta. Clerk
Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711-2308

Lisa C. McMinn
State Prosecuting Attorney
P.O. Box 13046
Austin, Texas 78711-3046

_Abelino Hernandez_ 1954219
Petitioner          Pro se

4



## NUMBER 13-14-00465-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **ABELINO HERNANDEZ,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 24th District Court of Victoria County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes Memorandum Opinion by Chief Justice Valdez**

A jury found appellant, Abelino Hernandez, guilty of the offense of aggravated robbery, a first degree felony, and sentenced him to thirty years' imprisonment in the Texas Department of Criminal Justice—Institutional Division. *See* TEX. PENAL CODE ANN. § 29.03(a)(3)(A) (West, Westlaw through Ch. 46 2015 R.S.). By one issue, Hernandez contends that the trial court erred in failing to

exclude evidence that he claims was unfairly prejudicial under Texas Rule of Evidence 403. We affirm.

## I. BACKGROUND[1]

On March 2, 2013, shortly after midnight, a man armed with a knife entered a convenience store demanding that the cashier open the cash register. The man concealed his identity by pulling his shirt over his head. When the cashier was not able to open the cash register, the man attempted to pry it open with his knife but cut himself in the process, leaving his blood-stained knife at the crime scene before absconding. Through a subsequent investigation, the police determined that the blood found at the crime scene belonged to Hernandez. The State then charged him with aggravated robbery.

At trial, the State called Holly Jedlicka, a crime scene supervisor, who testified about her attempt to identify the perpetrator of the crime through fingerprint evidence. Jedlicka testified that the police collected fingerprints at the crime scene and compared them to fingerprints stored in a database called the Automated Fingerprint Identification System (AFIS). Jedlicka further testified that the AFIS database stores the fingerprints of state employees and arrestees from "any jail facility." Hernandez objected to this testimony. The trial court overruled Hernandez's objection. After the trial court overruled Hernandez's objection, Jedlicka testified that the fingerprints collected at the crime scene did not match any of the fingerprints stored in the AFIS database.

## II. DISCUSSION

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

2

## A. Rule 403

By his sole issue, Hernandez contends that the trial court erred in admitting Jedlicka's testimony concerning the AFIS database under Texas Rule of Evidence 403. Specifically, Hernandez asserts that the probative value of Jedlicka's testimony was substantially outweighed by the danger of unfair prejudice because it conveyed to the jury that he had been previously arrested. However, the entirety of Hernandez's trial objection to Jedlicka's testimony was as follows: "Your Honor, I object that we have crossed the line into the jury thinking the [finger]prints that exist—." Although the trial court overruled this objection, Hernandez never referenced rule 403 or elaborated on the basis for his objection.

In order for a complaint to be preserved for review on appeal, the complaining party must make the specific objection at trial and obtain a ruling on it. See TEX. R. APP. 33.1(a)(1)-(2); Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Hernandez failed to preserve his rule 403 complaint because he did not object on that ground. See TEX. R. APP. 33.1(a)(1); see also Goodwin v. State, No. 13-12-00035-CR, 2012 WL 3590723, at *1 (Tex. App.—Corpus Christi Aug. 20, 2012, no pet.) (mem. op., not designated for publication) (providing that a rule 403 objection must be made at trial in order to raise such a complaint on appeal).

Even had Hernandez preserved his rule 403 complaint for appeal, the trial court's ruling was proper. We apply an abuse of discretion standard to determine whether a trial court erred in admitting evidence under rule 403. Trevino v. State, 228 S.W.3d 729, 734 (Tex. App.—Corpus Christi 2006, pet. ref'd). A trial court does not abuse its discretion unless "its decision is so clearly wrong as to lie

3

outside that zone within which reasonable persons might disagree." *Id.* (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)). Texas Rule of Evidence 403 gives the trial court discretion to exclude "relevant evidence if its probative value is substantially outweighed by a danger of. . .unfair prejudice[.]" *See* TEX. R. EVID. 403. When making this determination, we consider the following factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Erazo v. State*, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004). We now turn to a consideration of these factors.

Here, Jedlicka's testimony about the AFIS database was not particularly probative; it only showed that the AFIS database stored the fingerprints of arrestees and state employees, and that the person who left the fingerprints at the crime scene could not be identified through that database. Because this evidence did not implicate Hernandez or rule him out as a suspect, it was not necessary to show a fact of any consequence in proving that Hernandez committed the charged offense. Although not particularly probative, the parties agree that the time needed to develop this evidence was minimal. Nevertheless, Hernandez argues that this evidence carried a great potential to impress the jury in an irrational, yet indelible way because it conveyed that he had been previously arrested. However, the record does not support Hernandez's argument. Jedlicka never testified that Hernandez had been previously arrested; nor did she testify that Hernandez's fingerprint profile was stored in the AFIS database. Instead, she testified that the

4

fingerprints collected at the crime scene were run through the AFIS database for a match and that no match was found.[2] Read in context, this evidence indicated to the jury that whoever left the fingerprints at the crime scene had no arrest history.

Notwithstanding this view of the record, Hernandez appears to argue that the mere use of the AFIS database to identify the perpetrator suggested to the jury that Hernandez's profile was already in the database, and that the power of this suggestion carried the potential to impress the jury in some irrational way. However, we agree with the State that, if the use of the AFIS database suggested a preexisting profile attributable to Hernandez, its potential to impress the jury in some irrational way was greatly weakened by the fact that the database also stored the fingerprints of state employees. *See Montgomery*, 810 S.W.2d at 391; *Mata v. State*, No. 05-05-00504-CR, 2007 WL 882439, at *6 (Tex. App.—Dallas Mar. 26, 2007, pet. ref'd) (mem. op., not designated for publication) (concluding that testimony about the presence of appellant's DNA profile on a database that stored the DNA profiles of both government employees and criminals did not carry the potential to impress the jury in an irrational manner).

Weighing the *Erazo* factors, we cannot conclude that the trial court's decision to admit the evidence under rule 403 was "so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *See Trevino*,

---

[2] Specifically, Jedlicka testified as follows:

Q:      Okay. Mrs. Jedlicka, when the fingerprints collected in this case were run through AFIS, were there any matches?

A.      It—no. There was not any match at all.

228 S.W.3d at 734 (citing *Montgomery*, 810 S.W.2d at 391); *Erazo*, 144 S.W.3d at 489; *see also* TEX. R. EVID. 403.

## B. Harm Analysis

Even if we were to assume that Jedlicka's testimony improperly suggested Hernandez's arrest history to the jury and that the trial court erred in admitting that evidence, the error was harmless. The erroneous admission of evidence under rule 403 is non-constitutional error. *See Ketchum v. State*, 199 S.W. 3d 581, 593 (Tex. App.—Corpus Christi 2006, pet. ref'd). In reviewing the impact of non-constitutional error, we may not grant Hernandez a new trial if, after examining the record as a whole, we are fairly assured that the error did not have "a substantial and injurious effect or influence in determining the jury's verdict." *See Casey v. State*, 215 S.W.3d 870, 885 (Tex. Crim. App. 2007). In making this determination, we may consider "any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, [and] the character of the alleged error and how it might be considered in connection with other evidence in the case." *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). We may also consider closing arguments, evidence of the defendant's guilt, and the jury instructions. *See Motilla v. State*, 78 S.W.3d 352, 355–56 (Tex. Crim. App. 2002); *Morales*, 32 S.W.3d at 867.

First, concerning the evidence of guilt, Hernandez's identity as the robber was established by the DNA evidence that he left behind at the crime scene. The cashier testified at trial that the robber accidentally cut himself with his knife before he absconded, leaving his blood-stained knife at the crime scene. A forensic

6

scientist then tested the blood on the robber's knife and determined that it belonged to Hernandez. *See Motilla*, 78 S.W.3d at 357.

Second, concerning the nature of the error itself, we observe that Jedlicka's description of the AFIS database was brief, general, and non-inflammatory in the sense that the jury heard no details concerning any arrest—or whether it resulted in conviction, acquittal, or dismissal—beyond the mere fact that the databased stored the fingerprints of arrestees. *See id.* at 355. Furthermore, as previously noted, the database also contained the fingerprints of non-arrestees, including state employees; thus, Hernandez's jury was free to believe that, if his fingerprints were in the AFIS database, it was because he had been employed by the state rather than arrested.

Third, the trial court's charge instructed the jury that "[a]ll persons are presumed to be innocent," thereby eliminating any potential that the alleged suggestion of Hernandez's prior arrest history influenced the jury's verdict. *See id.* Finally, during closing argument, the State made no mention of the AFIS database and did not emphasize the alleged error. *See id.* After reviewing the record as a whole, we are fairly assured that the error, if any, did not have a substantial and injurious effect or influence in determining the jury's verdict. *See West v. State*, 169 S.W.3d 275, 281 (Tex. App.—Fort Worth 2005, pet. ref'd) (holding that the trial court's error in permitting the State to ask the defendant whether he had been arrested "more than twenty times" did not have a substantial or injurious effect on the jury's verdict when (1) the evidence of defendant's guilt was substantial, (2) the State asked only one question concerning his arrests and did not dwell on the

7

issue, (3) the court's charge instructed the jury to presume his innocence, and (4) the State's closing argument told the jury about two prior convictions but did not address any other prior arrests); *see also Casey*, 215 S.W.3d at 885. We therefore overrule Hernandez's sole issue.

## III.    CONCLUSION

We affirm the judgment of the trial court.

/s/ Rogelio Valdez
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of July, 2015.

Abelino Hernandez 1954919
George Beto Unit
1391 Fm 3328
Tennesse Colony,
TX 75880

legol

7871123060B

NORTH TEXAS TX 750
DALLAS TX 750
2 OCT 2012 PM 1

ADDITIONAL
OUNCE

FOREVER
USA

Abel Acosta, Clerk
Court of Criminal Appeals
PO BOX 12308
Austin, Texas 78711-2308